IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TRAVIS THIGPEN, | ) |
| | ) CASE NO.: 2:14-cv-113 |
| Plaintiff, | ) |
| | ) |
| v. | ) Plaintiff Demands Trial By Jury |
| | ) |
| CITY OF FORT DEPOSIT, ALABAMA, | ) |
| and ANDREW MCCALL, JR., | ) |
| individually and in his official capacity as | ) |
| a police officer for the City of Fort | ) |
| Deposit, Alabama, | ) |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

Plaintiff Travis Thigpen (hereinafter "Thigpen") alleges against Defendants City of Fort Deposit, Alabama (hereinafter "City") and Officer Andrew McCall, Jr. (McCall), in his individual and official capacity, (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth Amendment to the Constitution of the Unites States, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, 2201 and 2202, as well as the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, Federal law, and by the laws and Constitution of the State of Alabama (1901).

2. This Court has pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (a).

3. The Plaintiff properly filed a sworn affidavit of claim with the City of Fort Deposit, Alabama, within the six month statute of limitations for making claims as is required pursuant to Alabama law.

4. Defendants violated Plaintiff's rights in Lowndes County, Alabama, which is located within the Middle District of the State of Alabama.

## PARTIES

5. Plaintiff Thigpen is over the age of 19 years and is, and at all material times hereto was, a citizen of the United States and of the State of Alabama, and resides in Lowndes County, Alabama.

6. The City of Fort Deposit, Alabama, is a municipal corporation in the State of Alabama, and among its other functions operates and maintains a law enforcement agency identified as the City of Fort Deposit Police Department.

7. Defendant McCall is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Fort Deposit Police Department and is a person whose conduct proximately and directly harmed Thigpen, and is being sued individually and his official capacity as an officer of the City of Fort Deposit Police Department.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the Parties, each to the other, and for compensatory and punitive damages for Plaintiff's injuries and suffering as a consequence of Defendants' wrongs as alleged herein.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges the facts and allegations in all previous paragraphs above, and

incorporates the same herein by reference.

10.     On or about July 1, 2013, McCall was dispatched to a home hereinafter ("home") located at 339 Coleman Road, in Fort Deposit, Alabama.

11.     Upon his arrival, McCall removed one male from the home, determined the identity of other occupants and having done so re-entered the home with his gun drawn.

12.     On the second entry of the home McCall stood in the living room of the home and called for Thigpen.

13.     In response to McCall's request, Thigpen, who was wearing only a pair of loose walking shorts, entered the living room of the home from an adjoining bedroom.

14.     As Thigpen entered the living room McCall ordered him to raise his hands and Thigpen complied. McCall then ordered him to lie on the floor.

15.     As Thigpen began to kneel in an effort to comply with McCall's command to lie on the floor, McCall acting in an unreasonable manner under the then existing circumstances fired his weapon, shooting Thigpen without any provocation or justification.

16.     Thigpen never verbally or physically threatened McCall in any manner nor did Thigpen have any type of weapon.

17.     After having been wrongfully shot by McCall, Thigpen was rushed to the hospital by family members for medical treatment for his injuries.

18.     Thigpen was not arrested at the home on the night of the shooting for any alleged crimes nor was he arrested or otherwise detained while hospitalized for his injuries.

19.     On July 15, 2013, fourteen (14) days after Thigpen was shot, McCall, without probable cause or justification, swore out arrest warrants for Thigpen charging him with the

crimes of resisting arrest and domestic violence assault in the third degree.

20. Based on the warrants as issued by the City of Fort Deposit at the instigation of McCall, Thigpen was arrested.

21. On December 3, 2013, Thigpen was brought to trial on said charges, and after trial, was found not guilty of all charges.

22. Thigpen has suffered temporary and permanent injuries as a proximate result of the gun shot, was subjected to past and future pain and suffering, loss of his freedom, mental anguish, emotional distress, humiliation, embarrassment and inconvenience.

## FIRST CAUSE OF ACTION

### *Deprivation of Civil Rights under Color of State Law*

### *Denial of Due Process*

23. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

24. At all times material hereto, McCall was acting as a municipal law enforcement officer and was governed by State statutes and municipal ordinances as well as the customs and policies of the Defendant, City of Fort Deposit, Alabama.

25. Thigpen has and at all material times referred to herein had protected interests in his freedom from wrongful arrest and wrongful injury. In addition he had a right under the Fourth Amendment to the United States Constitution to be secure in his person, house, papers and effects, against unreasonable searches and seizures.

26. McCall, acting without probable cause, provocation, consent or due process of law wrongfully and intentionally fired his service weapon injuring Thigpen. The actions of

McCall, both the shooting and subsequent arrest, were undertaken without probable cause or justification, and when McCall knew or, in the exercise of reasonable care and prudence, should have known that Thigpen had not engaged in any criminal activity or actions.

27.     The shooting, subsequent arrest and confinement of Thigpen were violations of Thigpen's rights to be free from unreasonable seizures.

28.     Thigpen's rights under the Fourth, Fifth and Fourteenth Amendments were impermissibly abridged and violated.

29.     Defendant City failed to adequately train and supervise McCall in proper investigative procedures as well as the limitations on the drawing and use of a weapon, which failure amounted to deliberate indifference to the rights and safety of persons whom the City knew its officer would come in contact with and such failure, because it was continuing in nature, constitutes a customs and policy of the Defendant City.

30.     McCall's actions in shooting Thigpen without probable cause or justification, and subsequently arresting him on invalid charges, rose to the level of inhuman treatment and violated Thigpen's right to be free from cruel and unusual punishment pursuant to protections offered by the Eighth Amendment to the United States Constitution.

31.     The aforesaid conduct proximately caused Thigpen the following injuries and damages: he suffered great bodily injury and physical pain, has suffered and will suffer in the future such physical pain coupled with mental distress and anguish, and has been caused to be wrongfully arrested and prosecuted, was deprived of his freedom, and has been and will in the future be deprived of the enjoyment of life.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this

Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## SECOND CAUSE OF ACTION

### *False Arrest/false Imprisonment*

32. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

33. On July 15, 2013, the Defendants, negligently and/or wantonly and with knowledge that such action was undertaken without probable cause, caused arrest warrants to be issued for the arrest of Thigpen.

34. In initiating the false arrest, McCall acted on behalf of himself and, in addition, as an extension of Defendant City.

35. The subsequent criminal prosecutions were terminated in Thigpen's favor on all charges.

36. As a direct and proximate consequence of the Defendants' false arrest, Thigpen suffered loss of his liberty, the loss of the money spent in legal fees for his defense, humiliation, embarrassment and inconvenience.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## THIRD CAUSE OF ACTION

### *Excessive Force*

37. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated

herein as if fully set out.

38.     The actions of McCall coupled with the directives given to the Thigpen resulted in unlawful seizure of Thigpen's person and the subsequent use of force by McCall against Thigpen was unreasonable because the totality of the circumstances did not call for or warrant the use of excessive and/or deadly force.

39.     There was no evidence of the commission of any crime, no threat of danger to McCall nor failure to obey his lawful commands, and to undertake any action toward custodial control of Thigpen was without justification or legal authority.

40.     As a direct and/or proximate cause of McCall's actions, Thigpen's rights under the laws and Constitutions of the State of Alabama and of the United States, including but not necessarily limited to, the Fourth Amendment to the Constitution of the United States of America, were violated.

41.     Thigpen suffered bodily harm, pain, suffering, emotional distress and violations of his rights under the laws and the Constitution of the United States, and in particular the Fourth Amendment thereof and 42 U.S.C. § 1983, to be free from excessive and unauthorized use of force by a law enforcement officer.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## **FOURTH CAUSE OF ACTION**

### *Negligence*

42.     The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated

herein as if fully set out.

43. At all material times relevant hereto, Defendant, McCall and Defendant, City owed Thigpen a duty to conduct himself/itself in such a manner as to avoid injuring and/or damaging Thigpen.

44. Defendants negligently breached that duty by their actions as described above.

45. As a proximate consequence of Defendants' individual and/or combined negligence, Thigpen suffered the following injuries and damages: he suffered bodily injury and physical pain and will suffer physical pain in the future; suffered, suffers and will continue to suffer in the future mental distress and mental anguish, and has been deprived of his freedom as well as enjoyment of life and will be so deprived in the future.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and/or severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## FIFTH CAUSE OF ACTION

### *Wantonness*

46. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

47. At all material times relevant hereto, Defendant McCall owed Thigpen a duty to conduct himself in such manner as to avoid injuring or damaging Thigpen.

48. Defendant McCall wantonly breached that duty by his actions as described above.

49. As a proximate consequence of Defendant's wantonness, Thigpen suffered bodily injury and physical pain and will suffer such pain in the future; suffered, suffers and will

continue to suffer in the future mental distress and anguish, and has been caused to be deprived of his liberty, his money, and past, present and future enjoyment of life.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendant McCall in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## SIXTH CAUSE OF ACTION

### *Assault and Battery*

50. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

51. Defendant McCall, having the present apparent ability to commit battery, intentionally committed an assault on Thigpen by shooting him without right, provocation or justification.

52. Defendant McCall intentionally shot Thigpen without his consent in a rude, hostile, angry and/or offensive manner, thus committing a battery against Thigpen.

53. As a direct and proximate consequence of the Defendant's assault and battery, Thigpen has suffered bodily injury, suffered physical pain in the past, and will continue to suffer the same in the future, has suffered, suffers and will suffer mental distress and anguish, and he has been caused to be deprived enjoyment of life and will be so deprived in the future.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## SEVENTH CAUSE OF ACTION

### *Outrage*

54. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

55. Defendants' actions were so outrageous as to shock the conscience.

56. As a direct and proximate consequence of the Defendants' conduct Thigpen has suffered bodily injury, suffered physical pain in the past, present and will suffer the same in the future, has suffered, suffers and will suffer mental distress and anguish, and he has been caused to be deprived enjoyment of life and will be so deprived in the future.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## EIGHTH CAUSE OF ACTION

### *Malicious Prosecution*

57. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

58. The Defendants, by their actions and the warrants issued, set in motion legal proceedings directed at Thigpen, resulting in his arrest and prosecution without probable cause or justification.

59. Defendants initiated the arrests and prosecution as an improper and illegal anticipatory defense to anticipated claims of Thigpen.

60. Defendants therefore used said arrests and the resulting prosecution in an unlawful manner and for an unlawful purpose.

61. Thigpen was not guilty of the wrongful charges and the Court, after hearing the evidence as presented by the parties, found Thigpen not guilty as to all charges.

62. As a direct and proximate consequence of the Defendants' malicious arrests and prosecution, Thigpen lost his freedom, suffered loss of the money required to defend himself, suffered embarrassment, humiliation and inconvenience.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## NINTH CAUSE OF ACTION

### *Eighth Amendment/cruel and Unusual Punishment*

63. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

64. Pursuant to the Eighth Amendment of the United States Constitution, Thigpen was at all times material hereto entitled to be free from the infliction of cruel and unusual punishment.

65. Defendant McCall engaged in extreme and excessive cruelty to Thigpen, and as described above, such actions constituted cruel and unusual punishment resulting in an unnecessary and wanton infliction of pain and suffering.

66. McCall acted maliciously by undertaking, without just cause for reason, a course of action intended and/or reasonably expected to cause injury and extreme pain and

suffering.

67. As a direct and proximate result of the violation of Thigpen's constitutional rights by McCall, Thigpen suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendant McCall in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## TENTH CAUSE OF ACTION

### *42 U.S.C. SECTION 1983*

68. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

69. At all material times relevant hereto, Defendant City owed Thigpen a duty to properly train, instruct, and supervise their agents, servants, and/or employees from in such manner as to prevent and/or prohibit such agent, servant and/or employee from injuring and/or damaging Thigpen.

70. As described above, Defendant City negligently and/or wantonly breached that duty in the one or more of the following respects:

   a. Negligently and/or wantonly hiring, training, instructing, supervising and/or retaining McCall in the position of a law enforcement officer;

   b. Negligently and/or wantonly failing to establish, follow and require its officers, agents and/or employees to adhere to proper protocols, procedures, and/or guidelines prior to allowing its agents, servants, and/or employees to be placed in a position that could result in the use unnecessary and excessive force without legal provocation or justification;

   c.  Negligently and/or wantonly allowing Defendant McCall to cause Thigpen harm.

71. As a proximate consequence of Defendants' negligence and/or wantonness, Thigpen suffered bodily injury and physical pain and will suffer such physical pain in the future, has suffered, suffers and will suffer mental distress and anguish, and he has been caused to be deprived enjoyment of life and will be so deprived in the future.

WHEREFORE, Thigpen demands compensatory and punitive damages against Defendant City in an amount in excess of the jurisdictional threshold of this Court as ultimately determined by a jury, plus reasonable attorneys' fees and expenses.

## ADDITIONAL PRAYER FOR RELIEF

WHEREFORE, Thigpen respectfully demands the following additional relief against Defendants, McCall and the City of Fort Deposit, Alabama, jointly and severally, for the above-referenced conduct:

  A. Entry of a declaratory judgment that the policies and practices alleged herein are unlawful and violate the Fourth Amendment to the Constitution of the United States of America, as addressed by and through 42 U.S.C. § 1983;

  B. Enjoin Defendants from attempting to impose further punishment against Plaintiff and further from further violating Plaintiff's federally protected rights;

  C. Grant Plaintiff's damages demanded above and award Plaintiff the cost of this action including, but not limited to, reasonable attorneys' fees; and,

  D. Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorneys' fees and costs, the awarding of which is within the jurisdiction of this Court.

*Stephen T. Etheredge*
Stephen T. Etheredge
ASB 8149-H69S
Buntin, Etheredge & Fowler, LLC
One of the Attorneys for Plaintiff
P.O. Box 1193
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

*Dustin J. Fowler*
Dustin J. Fowler
ASB 8960-S69F
Buntin, Etheredge & Fowler, LLC
One of the Attorneys for Plaintiff
P.O. Box 1193
Dothan, Al 36301
Telephone: (334) 793-3377
Facsimile: (334) 793-7756

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*Dustin J. Fowler*
Dustin J. Fowler

The following Defendants will be served as follows:

**_Via Certified Mail_**
City of Fort Deposit, Alabama
C/o City Clerk
P.O. Box 260
Fort Deposit, Alabama 36032

**_Via Process Server_**
Andrew McCall, Jr.
5914 County Road 33
Letohatchee, Al 36047